IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SCHURING and MARY SCHURING, | ) ) ) ) | |
| Plaintiffs, | ) ) | 13 C 7142 |
| v. | ) ) | Judge Virginia M. Kendall |
| COTTRELL, INC. and CASSENS CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gregory and Mary Schuring, both Illinois citizens, filed their Complaint against Defendants Cottrell, Inc. and Cassens Corporation in the Circuit Court of Cook County on August 30, 2013. Each claim in the thirteen-count Complaint arises from an alleged injury Mr. Schuring suffered while at work as a car hauler in Peoria, Illinois. According to the Complaint, Mr. Schuring fell from a rig while maneuvering on the head ramp of a trailer. Cottrell, a Georgia corporation with its principal place of business in Gainesville, Georgia, removed this action to federal court on October 4, 2013. According to Cottrell, removal is proper because complete diversity exists and because the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts the Plaintiffs' claims. Cottrell claims that complete diversity exists even though Cassens Corporation is an Illinois corporation with its principal place of business in Edwardsville, Illinois, because the Plaintiffs fraudulently joined Cassens Corporation. Cassens Corporation subsequently moved to dismiss all counts against it. For the reasons discussed herein, this Court finds removal proper, and grants Cassens Corporation's motion to dismiss in part and denies it in part.

## BACKGROUND

This Court takes the following allegations from the Complaint and treats them as true for purposes of this memorandum opinion and order. Mr. Schuring is an employee of Cassens Transport Company, which is not a party to this action. Mr. Schuring is a car hauler who suffered an injury when he fell from a trailer with head ramp manufactured by Cottrell. Cottrell is a Georgia corporation with its principal place of business in Georgia. Mr. Schuring seeks relief from Cottrell based on claims for strict liability (Count I), negligence (Count II), implied warranty (Count III), and willful and wanton (Count IV).

Mr. Schuring also seeks relief from Cassens Corporation based on claims for negligence-respondeat superior (Count V), negligence-direct liability (Count VI), breach of contract (Count VII), promissory estoppel (Count VIII), fraud (Count IX), willful and wanton (Count X), assumed duty (Count XI), and in concert liability (Count XII). Cassens Corporation is an Illinois corporation with its principal place of business in Illinois. Cassens Corporation and Cassens Transport Company are separate entities, and the Plaintiffs do not seek to pierce the corporate veil between the two.

Ms. Schuring's lone claim is against all defendants for the loss of support and services of her husband, Mr. Schuring (Count XIII). The Plaintiffs seek a sum in excess of $50,000 for each claim.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court in any case in which the plaintiff could have invoked the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and is between citizens of different states, 28 U.S.C. 1332(a). But removal

based on diversity jurisdiction is not appropriate where a defendant is a citizen of the state in which the plaintiff filed the action. 28 U.S.C. § 1441(b).

Yet a plaintiff cannot defeat a defendant's right of removal through fraudulent joinder of a non-diverse defendant. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). In other words, a plaintiff cannot game the Federal Rules of Civil Procedure by joining a defendant against whom he has no chance of success to avoid removal. *Id.* A defendant can show fraudulent joinder if, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.*

To establish a cause of action, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* This requires enough factual content to create a reasonable expectation that discovery will reveal evidence of wrongdoing. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). For purposes of determining whether a complaint states a claim, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## **DISCUSSION**

The parties dispute whether removal was proper. This Court has an independent obligation at each stage of the proceedings to ensure that it has subject matter jurisdiction over any dispute before it. *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013). One basis for removal here is preemption by the LMRA. The "complete preemption doctrine" is an exception to the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393

(1987). Under this doctrine, federal courts treat state-law claims that require interpretation of a collective bargaining agreement ("CBA") as federal claims. *Crosby*, 725 F.3d at 800.

Here, Mr. Schuring is a member of a union that entered a CBA with his employer, Cassens Transport Company. Cassens Corporation entered a Work Preservation Agreement, as parent, with employer Cassens Transport Company and Mr. Schuring's union. (Ex. K to Dkt. No. 13.) The Work Preservation Agreement is part of the collective bargaining agreement. (*Id.* at ¶ 11.) Whether the Work Preservation Agreement makes Cassens Corporation a party to the entire CBA and whether the CBA imposes any duties with respect to Mr. Schuring on Cassens Corporation require interpretation and application of the CBA. For example, the CBA requires a committee to "review safety considerations relating to the feasibility of handrails and cables on head rack ramps, swing decks, and upper decks of tractors and trailers." (Ex. L. to Dkt. No. 13 at 72.) The extent to which this applies to Cassens Corporation requires interpretation and application of the CBA. Therefore, this Court will treat Mr. Schuring's state-law claims as federal claims. Consequently, removal was appropriate.

With the dispute concerning removal resolved, this Court turns to Cassens Corporation's motion to dismiss all claims against it. The Plaintiffs opposed Cassens Corporation's motion with respect to Counts V and VI. Because they failed to oppose Cassens Corporation's motion with respect to Counts VII-XIII, the Plaintiffs have waived any arguments in support of these claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (plaintiff waived right to contest dismissal by failing to oppose motion to dismiss). Therefore, this Court grants Cassens Corporation's motion to dismiss Counts VII, VIII, and IX because Cassens Corporation presented plausible reasons for dismissing these claims to which the Plaintiffs failed to respond. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of

justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") Consequently, only Counts V, VI, and X-XIII remain.

Count V alleges that Cassens Corporation is liable for the negligence of its agents, to include its directors, officers, and shareholders, who participated in and exercised control over the design of the trailer on which Mr. Schuring suffered his injury. Count VI alleges that Cassens Corporation is directly liable for the same. Under Illinois law, a parent company may be liable as a direct participant where it "mandated an overall business and budgetary strategy and carried that strategy out by its own specific direction or authorization." *Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 237 (Ill. 2007). The key elements of direct participant liability are (1) parent company specifically directs an activity and (2) the injury is foreseeable. *Id.*

Here, the Plaintiffs allege that Cassens Corporation and its agents "participated in and exercised control over the design and testing process of Cottrell trailers, and provided instructions and warnings to the manufacturers." (Ex. A to Dkt. No. 2 at 10 and 12.) The Plaintiffs further allege that the trailers were unsafe and had caused several injuries to drivers. (*Id.* at 10 and 12.) These allegations are sufficient to state a claim for direct participant liability. Therefore, this Court denies Cassens Corporation's motion to dismiss with respect to Counts V and VI.

This Court also denies Cassens Corporation's motion to dismiss with respect to Count X-XIII. Cassens Corporation adopts its argument with respect to Counts V and VI as its argument with respect to Counts X-XII. Cassens Corporation also refers to arguments that the LMRA preempts Counts X-XII made by Cottrell in its reply to the Plaintiffs' opposition to removal

(Dkt. No. 13). These arguments are premature in that they require legal and factual determinations concerning the extent to which the CBA applies to Cassens Corporation. Cassens Corporation is not Mr. Schuring's employer and there is a question as to the whether the Work Preservation Agreement makes Cassens Corporation a party to the entire CBA or just the Work Preservation Agreement. Consequently, Cassens Corporation has not presented a plausible reason for dismissal of Counts X-XII. Therefore, these Counts remain.

The only argument Cassens Corporation makes with respect to Count XIII is that this Count fails because all of the other Counts alleged against Cassens Corporation fail. As discussed above, Counts V and VI survive. Therefore, Count XIII also survives, as Cassens Corporation has not presented a plausible reason for dismissal of this Count.

## **CONCLUSION**

For the reasons stated herein, this Court grants Cassens Corporation's motion to dismiss with respect to Counts VII, VIII, and IX and denies it with respect to Counts V-VI and X-XIII.

Dated: February 14, 2014

_____
Virginia M. Kendall, U.S. District Judge