IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORY SCHURING, et al., | ) | |
|  | ) | |
| Plaintiffs, | ) | |
| v. | ) | 13 C 7142 |
|  | ) | |
| COTTRELL, INC., et al., | ) | Judge Virginia M. Kendall |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Cottrell, Inc. moves for sanctions against Plaintiffs Gregory and Mary Schuring for Mr. Schuring's spoliation of evidence and seeks the ultimate sanction for this spoliation – dismissal of this lawsuit. (Dkt. No. 69.) Schuring sued the Defendants for negligence, strict liability, breach of implied warranty, and willful and wanton conduct after he was injured when he fell off of a car hauler rig that Cottrell manufactured. Cottrell contends that Schuring spoliated material evidence because he did not preserve the shoes that he was wearing when he fell. In fact, Schuring continued to wear the shoes for months afterwards and even had the toe of one of the shoes damages by a fire. For the reasons stated below, the Court denies Cottrell's motion for sanctions for spoliation.

## BACKGROUND

A full description of the facts giving rise to the Complaint is set forth in the Court's motion to dismiss opinion. *See Schuring v. Cottrell, Inc.*, 13 C 7142, 2014 WL 585295 at *1 (N.D.Ill. Feb. 14, 2014). The Court assumes familiarity with those facts. Briefly, Schuring is an employee of Cassens Transport Company, which is not a party to this action, where he works as

1

a car hauler. *Id.* Schuring's employment is subject to a collective bargaining agreement with Cassens. *Id.* The CBA establishes certain safety standards to which the equipment used by Cassens employees must conform. *Id.* Cottrell is a Georgia corporation that manufactures, among other things, car hauler rigs. *Id.* Schuring suffered an injury when he fell from a car hauler with a head ramp that Cottrell manufactured. *Id.* After the accident, Schuring continued to wear the shoes he had on at the time of the fall every day for approximately 18 months. (Dkt. No. 69, Ex. 1 at 32.) One shoe sole was partially melted—likely from a campfire—after the accident. *Id.* at 70-72. Prior to the filing of this lawsuit with the attorneys who represent him here, Schuring filed a claim with the Illinois Workers' Compensation Commission for benefits during which he was represented by a different attorney. (Dkt. No. 69, Ex. 5.) Once the attorneys in this case informed him to stop wearing the shoes, Schuring stopped and provided them to his attorneys. (Dkt. No. 69, Ex. 1 at 32-33, 72.) Prior to that time, no one instructed him to preserve the shoes for litigation. *Id.*

## **LEGAL STANDARD**

In a case before the Court based on diversity jurisdiction, Illinois law governs the question of whether a party had a duty to preserve evidence before the start of litigation. *See Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806 (7th Cir. 1995) ("[T]he parties agree that in this case the pre-suit duty to preserve evidence is governed by Illinois law. Therefore…we must then decide whether the district court correctly determined that, under Illinois law, the Appellant had a duty to preserve evidence before litigation commenced."); *see e.g., MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F.Supp.2d 786, n.2 (N.D. Ill. May 25, 2010) ("[C]ourts in this circuit generally hold that the issue of whether there exists a pre-suit duty to preserve evidence is substantive in nature and, thus, governed by Illinois law."). Under Illinois law, a potential

litigant has "a duty to other potential litigants to preserve material evidence." *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 32 (Ill. 2012); *see also Shimanovsky v. Gen. Motors Corp.*, 181 Ill.2d 112, 121-22 (1998). This duty requires the potential litigant to take reasonable measures to preserve relevant evidence. *See Shimanovsky*, 181 Ill.2d at 121-22; *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 195 (1995) ("[A] defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action."). A party violates this duty when a potential litigant is "deprived of the ability to establish its case." *Allstate*, 53 F.3d at 807. For example, the Seventh Circuit in *Allstate* held that the insurance company spoliated evidence because a reasonable insurance adjuster or engineer investigating the origin of a fire would not have discarded certain remains of the scene. *See id.* The Court concluded that the insurance company violated its duty to preserve material evidence because its destruction of the evidence "prejudiced [the defendant's] efforts to present a defense that the fire was caused by some source other than its grill" considering that the source of the fire was unknown at the time of the investigation and the insurance company knew or should have known that the product that caused the fire was a crucial piece of evidence. *Id.*

## DISCUSSION

In its motion for sanctions, Cottrell argues that Schuring violated his duty to preserve material evidence by wearing the shoes after the accident and after he filed this action. (Dkt. No. 69 at 1.) Cottrell opines that after the fall, a reasonable person in Schuring's position as a car hauler would closet the shoes he was wearing at the time. (Dkt. No. 69 at 6.) As support, Cottrell cites to Schuring's deposition testimony in which he recognizes the need to wear the proper shoes in the workplace for his safety. *Id.* at 7 (citing to Ex. 1 at 36.) Cottrell notes that the Complaint alleges that Schuring fell from the rig, which makes preserving the shoes he was

3

wearing at the time material evidence that should be reasonably preserved by ceasing to wear them. *Id.* Cottrell further points to how Schuring's employer had training materials on proper footwear and Schuring admitted to reading a manual that emphasizes proper footwear. *Id.* at 7-8. Finally, Cottrell claims that the attorney who handled Schuring's workers' compensation claim should have warned him to stop wearing the shoes, and that the Court can hold the failure to do so against Schuring by concluding that he spoliated evidence. (Dkt. No. 73 at 1.)

Plaintiffs, on the other hand, maintain that Schuring's conduct does not constitute spoliation of evidence such that sanctions are warranted because the shoes are still available for examination and are in "reasonable condition." (Dkt. No. 72 at 3.) They argue that no spoliation occurred because the shoes were not so damaged as to be rendered useless for Cottrell's defense. *Id.* Plaintiffs contend that Schuring acted reasonably because a layman would not understand the need to preserve the shoes and he promptly stopped wearing them when instructed by his attorneys as soon as they were hired for this matter. *Id.* at 4.

Without instruction from an attorney, it is difficult to find that Schuring chose to spoliate material evidence by wearing his own shoes after the fall. A reasonable person would not understand the need to preserve the shoes as material evidence in future litigation unless that person was somehow aware of what constitutes materiality and what proof would be required to prove the elements of his claims. Here, we can assume that Schuring read his Complaint against the Defendants and he knew that he was alleging that the rig he fell from did not have appropriate safety ladders, footholds, and guardrails which he alleges were the proximate cause of his fall from the head lamp. It would only be at the moment that his own attorney informed him that defendants may seek to defend saying that he did not wear the appropriate footwear. Therefore, contrary to Cottrell's contention, the Court does not factor in whether Schuring was

4

represented by an attorney or whether his attorney should have advised him to preserve evidence. Under Illinois law, the question instead is whether a "reasonable person in [Schuring's] position should have foreseen that the [evidence] was material to a potential civil action." *Martin*, 979 N.E.2d at 27. A reasonable person in the position of Schuring—a car hauler with no legal training—could not be expected to comprehend the need to preserve the shoes he was wearing at the time of the fall after the accident and after he filed a workers' compensation claim. The Court cannot expect layperson to understand the legal theories of actual and proximate cause of an accident and adjust their behavior accordingly in the event that litigation arises. This could be a different case if Schuring's evidence was not so ordinary and commonplace. But here, shoes worn on the day of an accident do not take on any significant evidentiary value in the mind of a layperson; but rather, appear to be inconsequential to layperson. Schuring upheld his duty to reasonably preserve material evidence by ceasing to wear the shoes and providing them to his attorneys as soon as he was advised as such. No higher expectation can be imposed on Schuring otherwise the Court would subject potential litigants to an overly burdensome duty to not use or touch any item involved in an event that could lead to litigation.

Cottrell's argument that Schuring is culpable for spoliation because he was trained about and aware of the need for proper footwear at work is also inapposite. His knowledge of safety precautions does not translate into knowledge about evidence that is material to a strict liability/negligence lawsuit. Again, such expertise about proving liability in a court of law cannot be expected from a reasonable person in Schuring's position. If Schuring had damaged or destroyed the head lamp on the rig that he fell from, the Court would be more inclined to find that he behaved unreasonably because a reasonable person would understand how the rig is

relevant for proving what caused his fall. But he did nothing of the sort. Schuring did not behave unreasonably by wearing the shoes after the fall.

Additionally, Schuring did not deprive Cottrell of the ability to defend itself in this case by wearing the shoes after the fall. *See Allstate*, 53 F.3d 807 ("[T]he test in the present case is whether the Defendant manufacturer was deprived of the ability to establish its case."); *Shimanovsky*, 692 N.E.2d at 122 ("[T]he trial court must insure that the alteration or partial destruction of the item will not unreasonably impair the opposing litigant's presentation of his case to the trier of fact."). Based on the pictures of the shoes submitted by the Plaintiffs, the sole of one shoe is partially melted at the toe and both soles look somewhat worn, but otherwise the shoes are intact and can be examined by Cottrell for its defense. (Dkt. No. 72 at Ex. D.) Granted, the shoes are not in the exact condition at the time of the fall, but this does not impair Cottrell's ability to defend itself and Cottrell will be permitted to cross examine Schuring about how often he wore the shoes and what happened to the shoes subsequent to the accident. This cross examination goes to the weight of the evidence but not to its admissibility. Cottrell, however, will not be permitted to argue that Schuring attempted to spoil the evidence since there is no evidence of such an intent; merely that the shoes are not in the same condition as when the accident occurred. Unlike *Allstate* where the Court found the evidence was spoliated because it was completely destroyed, Cottrell can still perform tests with the shoes and can test other shoes of the same make and model to determine their traction on the rig. *See Allstate*, 53 F.3d at 807; *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 221 (7th Cir. 1992) (upholding sanction of dismissal for spoliation of evidence where sequence of rollers in a car that would have demonstrated whether the axel broke before or after the accident—which was critical to determining liability—was "irretrievably lost" by the defendant's inspection).

In sum, Schuring did not spoliate the evidence because he cannot be reasonably expected to stop wearing the shoes after the fall and his wearing the shoes did not deprive Cottrell of its ability to defend itself. Because the Plaintiffs did not spoliate evidence, sanctions are inappropriate. The Court therefore denies Cottrell's motion for sanctions.

## CONCLUSION

For the above stated reasons, the Court denies Cottrell's motion for sanctions for Plaintiff's spoliation of evidence. (Dkt. No. 69.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/16/2015