## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
### Eastern Division

Gregory Schuring, et al.

                    Plaintiff,

v.                                       Case No.: 1:13–cv–07142
                                       Honorable Virginia M. Kendall

Cottrell, Inc., et al.

                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 26, 2017:

       MINUTE entry before the Honorable Virginia M. Kendall: Final pretrial conference held on 7/20/17. Rulings are as follows: Defendant's Motion in Limine Number 1, to Exclude Other Incidents (Dkt. 140) is taken under advisement; Defendant's Motion in Limine Number 2, to Exclude Video Evidence of Other Drivers (Id.), is granted; however, to the extent Plaintiffs' expert is being challenged about what he bases his opinion on, he may testify that he relied on the videos, but the videos will not be shown. Defendant's Motion in Limine Number 3, to Exclude Dr. Bergin's Testimony (Id.), will not be granted on the basis that Dr. Bergin did not disclose his payment schedule; however, if Plaintiffs have not done so already, Plaintiffs should verify that there is no other payment agreement beyond the lien agreement already provided to Defendant so that Defendant has a complete opportunity to cross examine Dr. Bergin regarding his payment. Defendant's Motion in Limine Number 4 (Id.), to Bar Evidence of the Sure Footing Safety System, is taken under advisement. Defendant's Motion in Limine Number 5, to Exclude Former Testimony of Prior Plaintiffs in Other Cases is granted. Defendant's Motion Number 6, to preclude all parties from requesting to enter into a stipulation or for evidence in front of the jury (Id.), is unopposed and granted. Defendant's Motion in Limine Number 7, to Exclude Argument Regarding Equipment Inspections (Id.), is withdrawn and therefore moot. Defendant's Motion in Limine Number 8, to Exclude References to Other Litigation, Verdicts, or Settlements (Id.), is granted, however, Plaintiffs are entitled to cross examine defense expert George Widas on previous cases he has worked on. Defendant's Motion in Limine Number 9, to Exclude Reference to Unrelated Claims of Defect (Id.), is unopposed and is granted. Defendant's Motion in Limine Number 10, to Exclude Expert Opinions, Bases for Opinions, or Design Criticisms Not Previously Disclosed is denied, consistent with the Court's previous opinions permitting Dr. Gernon to testify to the factors that he used that can comprise the risk utility test; to the extent that Defendant moves under Federal Rule of Civil Procedure 26 to prohibit any statement by an expert that was not disclosed during discovery other than the one that you have, it is granted. Defendant's Motion in Limine Number 11, to Exclude Reference to General Corporate Misconduct (Id.), is granted. For Defendant's Motion in Limine Number 12, to Exclude Reference to Cottrell's Wealth or Profits, the Court takes the issues of punitive damages under advisement; to the extent that Plaintiffs failed to request any discovery relating to Defendant's wealth, Plaintiffs will have an uphill climb

in arguing a relationship between wealth and injury, but at this time the Motion is taken under advisement. Defendant's Motions in Limine 13, to Exclude Individual Compensation of Cottrell Employees, Number 14 to Exclude Reference to the Size or Specialization of the Law Firm of Cottrell's Counsel, 15 to Exclude Reference to Cottrell's Insurance, and 16 to Exclude Reference to Settlement Negotiations, are all unopposed and granted. (Id.) Defendant's Motion in Limine Number 17 to Exclude How Many Times Cottrell Has Been Sued or How Many Times a Witness Has Testified Before this Trial (Id.) is granted in accordance with Federal Rule of Evidence 403. Plaintiffs' Motion in Limine Number 1 (Dkt. 141), to Bar Testimony on Collateral Source, is unopposed and granted. Plaintiffs' Motion in Limine Number 2, to Bar Testimony or Evidence of Previous Injuries to Schuring (Id.), is denied because Schuring's testimony is relevant regarding his injury, his wearing of orthotics, and the impact this has on his ability to move about the rig. Plaintiffs' Motion in Limine Number 3, to Bar Testimony and Evidence of Schuring's Union Grievances (Id.), is denied because it is highly relevant whether Schuring believed that he was working under dangerous conditions; however, the parties shall not take a frolic and detour regarding union grievance procedures. Plaintiffs' Motion in Limine Number 4, to Bar Testimony and Evidence Relating to the Employers First Report of Injury (Id.), is denied because the testimony may come in if admitted for purposes of notice to Defendant an injury occurred, a statement of a party opponent if the proper foundation is laid down, and/or Defendant's expert is permitted to testify as to what he relied on. Plaintiffs' Motion in Limine Number 5, to Bart Testimony and Evidence that Plaintiffs' Experts Clarke Gernon or David Gibson have been Disqualified as an Expert in Other Cases (Id.), is unopposed and granted. Plaintiffs' Motion in Limine Number 6, to Bar Cottrell from Introducing George Widas' Report as Evidence, (Id.), is unopposed and granted. Plaintiffs' Motion in Limine Number 7, to Bar Cottrell from Entering Evidence of Making Argument Regarding Spoliation of Plaintiff's Shoes, is denied; the issue of spoliation may not be used in opening statements, but if the facts that come out during trial support a spoliation argument, then the testimony is admissible and relevant. Plaintiffs' Motion in Limine Number 8, to Bar Cottrell from Entering Any Evidence that Schuring Wears an Orthotic Device in his Work Shoes (Id.), is denied consistent with the reasons stated in denying Plaintiffs' Motion Number 2. Plaintiffs' Motion in Limine Number 9, to Bar Cottrell from Entering any Evidence that Schuring had a Previous Slip at Height on an Auto Hauling Rig (Id.) is taken under advisement. Plaintiffs' Motion in Limine Number 10, to Bar any Evidence, Testimony, Argument or Innuendo that Plaintiffs Failed to Call any Equally–Available Witness at Trial (Id.) is unopposed and granted. Plaintiffs&#0;39' Motion in Limine Number 11, to Bar any Questioning of Schuring or Testimony from Expert Widas to the Effect that Schuring Walked up the Back of the Head Ramp Following his Fall (Id.), is denied. Plaintiffs' Motion in Limine Number 12, to Bar Evidence or Argument that Schuring Could be Fired for Unloading Method (Dkt. 142), is denied; if the company has, and expects people to follow, safety procedures, such testimony is permitted but Widas will not be permitted to speculate as to the employer's state of mind. Plaintiffs' Motion in Limine Number 13, to Bar Improper Usage of Evidence or Argument on Intentional misuse (Dkt. 143), is denied because whether there was a misuse of the product is a fact dispute for the jury to resolve. Plaintiffs' Motion in Limine Number 14, to Bar Evidence or Argument Shifting Duty to Third Parties (Dkt. 144), is taken under advisement. Plaintiffs' Motion in Limine Number 15, to Admit Evidence of the Sure Footing System, is the reciprocal motion to Defendant's Motion in Limine Number 4 and the same ruling applies. Mailed notice(ep, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.